UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| QURBAN HASSILLY | CIVIL ACTION NO. 26-55-P |
| VERSUS | JUDGE CAIN |
| WARDEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (Doc. 3) filed by Qurban Hassilly, ("Petitioner").  Petitioner is an immigration detainee at Winn Correctional Center seeking release from detention.  According to the petition, Petitioner is a native and citizen of Afghanistan who attempted to enter the United States on February 9, 2023.  He was arrested and detained for two months.

Petitioner passed a credible fear interview on March 6, 2023.  He was placed in removal proceedings under section 240 of the INA. On April 18, 2023, he was released on parole without bond.  On August 31, 2023, Petitioner submitted an application for asylum and withholding of removal.  On August 13, 2025, Petitioner filed an appeal before the BIA which was completed and refiled on August 15, 2025.  Petitioner has an effective stay of removal and cannot be legally removed from the country (Doc. 1).

Petitioner challenges the lawfulness of his immigration re-detention.  He claims he is in custody pursuant to an arbitrary parole revocation in violation of the Fifth Amendment and 8 U.S.C. Section 1226(A) and Section 225(B).  Petitioner claims he has been detained

without any custody review mechanism.  He does not challenge any removal order or asylum determination through his petition.

Petitioner asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."  Danforth v. Minnesota, 552 U.S. 264, 278 (2008).  The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc. 3) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within **21 days** of the date of this Order.  Petitioner shall have **seven days** to reply.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 12th day of January, 2026.

Mark L. Hornsby
U.S. Magistrate Judge